IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT TCHENGUIZ,<br><br>Petitioner,<br><br>vs.<br><br>HEATHER BIRD,<br><br>Respondent. | CV 21–128–M–DWM<br><br><br>ORDER |

Petitioner Robert Tchenguiz moves for sanctions "based upon Respondent[] [Heather Bird's] continued failure to respond to discovery in this matter." (Doc. 86 at 1.) Tchenguiz seeks to strike Bird's mature child defense, (*id.* at 5), which was previously identified as the sole issue remaining in this case, (Doc. 81). Bird opposes the motion on the ground that Tchenguiz "requested supplementation of discovery for the first time" today and asserts that Bird "currently is in the process of supplementation of her responses." (Doc. 87 at 1–2.) Ultimately, Tchenguiz's motion for sanctions is denied because it remains true that "the viability of th[e] [mature child] defense may be assessed based on an in camera examination of the child, which is a possibility independent of the discovery violations." (Doc. 81 at 7.) However, there is a fundamental error in Bird's response in opposition to the motion for sanctions that warrants a brief address.

1

Bird asserts that she was notified for "the first time" of Tchenguiz's request for supplementation this morning, but this assertion is flawed for a number of reasons. First, the limited discovery in this case was to be completed by a certain date, and the parties agreed to an informal extension of that date. (*See* Doc. 81 at 6.) Apparently, Bird produced some documents in response to Tchenguiz's requests for production, but also stated "Respondent will supplement." (Doc. 70 at 8.) Thus, it was Bird who first raised the prospect of supplementation.

Second, under Rule 26(e)(1)(A) and (B) of the Federal Rules of Civil Procedure, Bird has an affirmative obligation to supplement her responses if they were in some material respect incomplete or incorrect. Bird's own response—i.e., that she would supplement—suggests such incompleteness here. Thus, Bird, not Tchenguiz, had the obligation to act. Third, Rule 34(b)(2) of the Federal Rules of Civil Procedure outlines the procedures for responding to requests for production, including the procedure for objecting to a request. Under Rule 34(b)(2)(C), "an objection must state whether any responsive materials are being withheld on the basis of [an] objection." Bird did not interpose any objection, but rather affirmatively stated that she would supplement her response. In doing so, she implied both that responsive material exists and that she agrees it should be disclosed.

Ultimately, Bird's complaint that today is the "first time" that supplementation was requested is unsupported by both the facts and the discovery rules. Bird has not complied with the Court's discovery order and has repeatedly missed deadlines, exacerbating the challenges of an already complex and expedited case. While the motion for sanctions is denied in light of the independent means by which the "mature child" defense can be established, Bird will not be permitted to present undisclosed evidence or testimony at the January 10, 2022 hearing. Tchenguiz will therefore be permitted to raise appropriate objections at that time.

IT IS ORDERED that Tchenguiz's motion for sanctions (Doc. 86) is DENIED subject to renewal at the evidentiary hearing consistent with the above.

DATED this 5th day of January, 2022.

_____
Donald W. Molloy, District Judge
United States District Court